IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred D. Martin, Jr., | ) C/A No.: 8:14-3427-TMC-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| D&R Lounge, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Alfred D. Martin, Jr. ("Plaintiff" or "Martin"), proceeding pro se and in forma pauperis, filed the instant suit against Defendant D&R Lounge. (See Dkt. No. 1; see also Dkt. No. 5.)[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1] Although Plaintiff is currently a detainee at the Anderson County Detention Center, it does not appear that the instant case is related to his incarceration. (See generally Dkt. No. 1.)

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant action against D&R Lounge ("Defendant" or "Lounge"). Plaintiff alleges that in August of 2013, he was "lynched" at Defendant D&R Lounge, "beaten into a coma." (Dkt. No. 1 at 2 of 5.) Plaintiff asserts that his "right eye was completely beaten out permanently." (Id.) According to Plaintiff, Defendant D&R Lounge had "no security or surveillance," which violated Plaintiff's Eighth Amendment rights. (Id.)

Plaintiff alleges that the Lounge "is responsible for having no security at all or surveillance they allowed an 8th amendment violation of cruel and unusual punishment to happen and D&R Lounges [sic] insurance owes [Plaintiff] for the abuse and hospital bill." (Id.) In the "Relief" section of his Complaint, Plaintiff states that he seeks $700,000 as well as "extraordinary relief." (Dkt. No. 1 at 5 of 5.)

On or about September 5, 2014, Plaintiff filed a supplement to his Complaint. (See Dkt. No. 5.) In his filing, Plaintiff states that he "wrote up a 1983-civil claim . . . against D&R Lounge in Anderson," South Carolina, and that he attached the police reports from the incident. (See Dkt. No. 5 at 1 of 2; see also Dkt. No. 5-1.) Plaintiff further asserts that one of the detectives recently issued a warrant for Antonio Herd, "one of [Plaintiff's] assaulters," for assault and battery with intent to kill. (Dkt. No. 5-1 at 1 of 2.)

## DISCUSSION

For the reasons set forth herein, the undersigned recommends dismissing the instant action without prejudice and without issuance and service of process.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." Cooper v. Productive Transp. Servs., Inc. (In re Bulldog Trucking, Inc.), 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352. See also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action."). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.[2]

To the extent Plaintiff attempts to invoke federal question jurisdiction by asserting a claim pursuant to 42 U.S.C. § 1983, that effort fails. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's purported § 1983 claim fails because Defendant is not a "person," nor did Defendant act under the color of state law. It is well settled that only "persons" may act under color of state law; a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Consequently, Plaintiff may not proceed against D&R Lounge because it is not a "person." See Payne v. CCOH, Civ. A. No.

---

[2]Plaintiff's allegations do not fall within the scope of diversity jurisdiction. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(a); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990))). The Complaint contains no allegations regarding the citizenship of either party, but the addresses provided by Plaintiff for the parties are both in South Carolina.

4

6:12-cv-1929-DCN-KFM, 2012 WL 6801387, at *5 (D.S.C. Nov. 28, 2012), adopted at 2013 WL 81055 (Jan. 7, 2013) ("As a South Carolina private business . . . , CCOH is clearly an inanimate object incapable of qualifying as a 'person' who may be held liable under § 1983."); see also Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983).

Plaintiff's § 1983 claim also fails because there is no allegation that Defendant acted under color of state law. The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507 (quoting Blum, 457 U.S. at 1004). The instant case involves purely private conduct: Plaintiff alleges he was assaulted in a bar and that Defendant is responsible because it had no security or surveillance. (See generally Compl; see also Dkt. No. 5.) Accordingly, Plaintiff fails to state a claim against Defendant pursuant to § 1983, and Plaintiff's Complaint should be summarily dismissed.

**RECOMMENDATION**

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 9, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).