IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alfred Donnie Martin, Jr., ) | |
| ) | Civil Action No. 8:14-3427-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| D&R Lounge, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action against D&R Lounge. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process for lack of jurisdiction. (ECF No. 12). Plaintiff was advised of his right to file objections to the Report. (ECF No. 12), and he filed timely objections. (ECF No. 14). Plaintiff also filed a motion to amend/correct his Complaint. (ECF No. 15).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objections fail to address any specific, dispositive portion of the Report. The objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition.

Plaintiff's objections instead attempt to amend his complaint to add the City of Anderson's Public Works Division. (ECF No. 14). He also filed a motion to amend his complaint to institute a § 1983 suit against the Public Works Division. (ECF No. 15). The basis for his claim against the Public Works Division is that, while he was running away from the scene of the alleged attack, he tripped on an uneven sidewalk. (ECF No. 15).[1] This, Plaintiff claims, violated his 8th Amendment rights. (ECF No. 15).

The 8th Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Construing this claim in the light most favorable to the pro se Plaintiff, the basis of the claim is either that the uneven sidewalk itself constituted cruel and unusual punishment, or that the uneven sidewalk permitted others to inflict cruel and unusual punishment. *See* (ECF No. 15). The Cruel and Unusual Punishment Clause "is not applicable to cases in which the plaintiff[ is] not in custody as a result of having been convicted of a crime." *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987); *see also Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977) ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."). Although Plaintiff appears to be in custody now (ECF No. 1), he was not in custody when the sidewalk allegedly inflicted cruel and unusual punishment on him. Moreover, even construing this as a claim under the Due Process Clause of the Fourteenth Amendment, the court finds that

---

[1] His complaint made no reference to any of the "lynching" occurring outside the building. *See* (ECF No. 1).

the Plaintiff's claim is subject to dismissal because there is no evidence of intentional action to inflict any alleged deprivation on the part of the Public Works Division.  *See Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required." (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981)) (emphasis in original)).

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 12) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** without prejudice and without issuance and service of process and Plaintiff's motion to amend/correct his Complaint (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 17, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.